**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

**JESSICA S. HANKE** *
**200 Benjamin Avenue**
**Salisbury, MD 21804** *

***Plaintiff,*** * **CIVIL CASE NO.:__________________**

**v.** *

**UNITED PARCEL SERVICE, INC.** *
**t/a UPS**
**55 Glenlake Parkway, NE** *
**Atlanta, Georgia 30328**
**Serve: CSC-Lawyers Incorporating** *
**Service Company**
**7 St. Paul Street, Ste. 820** *
**Baltimore, MD 21202**
*

***Defendant.***
* * * * * * * * * * * * *

**COMPLAINT**

Plaintiff Jessica S. Hanke ("Ms. Hanke") through counsel makes this Complaint against her former employer, United Parcel Service, Inc. ("UPS"), for gender discrimination, retaliation and constructive wrongful discharge in violation of 42 U.S.C. §2000 e ("Title VII") and §20-606 of the State Government (SG) Article of the Maryland Annotated Code ("MFEPA"). Ms. Hanke seeks declaratory and injunctive relief, and awards of compensatory damages, punitive damages, attorneys' fees and costs.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331 in that this action asserts violations of rights secured by the laws of the United States. This Court has supplemental jurisdiction over Ms. Hanke's state claims, which are pendant to her federal claims.

2. Venue is proper in this Court in accordance with 28 U.S.C. § 1391(b), as the events giving rise to Ms. Hanke's claims occurred in the District of Maryland, and there is no other district in which this action may be brought.

3. Prior to bringing this action, Ms. Hanke timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination. She made a timely amendment to her charge adding allegations of retaliation. The EEOC issued a Notice of Right to Sue dated June 7, 2023, a copy of which is attached as **Exhibit A**. She files this suit within ninety (90) days of the issuance of the Notice.

## PARTIES

4. Ms. Hanke is a resident of Salisbury, Maryland. She began working for UPS as a part-time pre-load worker October 28, 2016. She remained in that position until she was forced to resign April 1, 2019, due to UPS' refusal to promote her into a full-time position as a driver.

5. UPS is a Georgia corporation with its principal place of business in Atlanta. It is a logistics company with worldwide operations. Ms. Hanke was employed at UPS' Salisbury, Maryland facility located at 2236 Northwood Drive, Salisbury, Maryland 21804.

## FACTS COMMON TO ALL COUNTS

6. Ms. Hanke was hired at UPS Salisbury facility as a pre-load worker, a part-time position. At that facility, women were typically relegated to such positions while driver positions, which are full time and carry a higher hourly wage, were typically reserved for men.

7. By November 2017, Ms. Hanke had achieved sufficient seniority to be offered the opportunity to qualify for a position as a driver. UPS set Ms. Hanke up to fail, in that her qualifying period was shorter, her delivery area larger, and her package load significantly bigger

than those imposed on males seeking to qualify. Accordingly, UPS informed her she had failed to qualify, but could try again next year.

8. On April 25, 2018, Ms. Hanke was offered and accepted a better paying, full time position as a Pre-Load Supervisor. The same day, UPS issued a driving bid list to qualify workers for driver positions. Ms. Hanke would have qualified for the list, had she not been offered and had accepted the Pre-Load Supervisor position. On May 9, 2018, after the bid list was removed, UPS informed Ms. Hanke "there were already too many Pre-Load Supervisors", and the offer was withdrawn. The result of UPS' machinations was to relegate her to a poorly paid, part time position off the road.

9. Meanwhile, the male applicants on the driving bid list were again given more favorable conditions than those offered Ms. Hanke the year below, and in at least one instance were waived altogether, allowing a male applicant to qualify without undergoing any qualification process at all.

10. On August 6, 2018, Ms. Hanke filed a Charge of Discrimination with the EEOC complaining of the disparate treatment that had prevented her from obtaining a lucrative on-road position. On August 27, 2018, UPS received notice of the Charge. On August 31, 2018, UPS informed Ms. Hanke she was eligible to re-enter the qualification process to become a full-time driver.

11. Near the end of the qualification period, Ms. Hanke was disqualified for failing to deliver air packages, even though the air packages went undelivered only because a male supervisor had hidden them in the wrong area of her truck and Ms. Hanke's distress call went without response for an hour.

12. As a consequence, Ms. Hanke was again disqualified for a year and relegated to a part-time pre-load position with a low hourly rate. Out of economic necessity and frustration at her mistreatment, Ms. Hanke resigned April 1, 2019.

**CAUSES OF ACTION**

**COUNT I**
**GENDER DISCRIMINATION UNDER TITLE VII & MFEPA**
**(Terms and Conditions of Employment)**

13. The facts alleged above are incorporated by reference.

14. By repeatedly passing over Ms. Hanke for promotion in favor of male counterparts who were subjected to much less exacting standards, UPS discriminated against Ms. Hanke in the terms and conditions of her employment based upon her gender.

15. In doing so, UPS acted in reckless disregard of Ms. Hanke's Federally protected rights and of her rights protected under MFEPA.

16. UPS' misconduct directly and proximately caused Ms. Hanke to suffer economic losses together with severe emotional distress accompanied by physical symptoms.

**COUNT II**
**RETALIATION UNDER TITLE VII & MFEPA**

17. The facts alleged above are incorporated by reference.

18. By offering and then withdrawing promotion a final time, following disclosure of Ms. Hanke's EEOC Charge, UPS retaliated against Ms. Hanke for making objectively reasonable complaints of discrimination.

19. In doing so, UPS acted in reckless disregard of Ms. Hanke's Federally protected rights and of her rights protected under MFEPA.

20. UPS' misconduct directly and proximately caused Ms. Hanke to suffer economic losses together with severe emotional distress accompanied by physical conditions.

**COUNT III**
**CONSTRUCTIVE WRONGFUL DISCHARGE UNDER TITLE VII & MFEPA**

21. The facts alleged above are incorporated by reference.

22. By restricting Ms. Hanke to a part-time position with a low hourly rate, by virtue of her gender, and for the same reason denying her opportunities to hold a full-time position with a higher hourly rate, UPS "starved-out" Ms. Hanke, forcing her to resign to make a decent income and keep her self-respect.

23. In doing so, UPS acted in reckless disregard of Ms. Hanke's Federally protected rights and of her rights protected under MFEPA.

24. UPS' misconduct directly and proximately caused Ms. Hanke to suffer economic losses together with severe emotional distress accompanied by physical symptoms.

**WHEREUPON**, Ms. Hanke respectfully requests this Honorable Court grant the following relief:

A. Enter a judgment in favor of Ms. Hanke and against UPS for compensatory and punitive damages;

B. Enter a declaratory judgment holding that UPS violated Ms. Hanke's rights under the laws of the United States and of the State of Maryland;

C. Enter an injunction requiring UPS to reinstate Ms. Hanke to a full-time position as a driver or, in the alternative, paying her so-called "front pay";

D. Assess reasonable attorneys' fees and costs against UPS and in favor of Ms. Hanke; and

E. Grant Ms. Hanke such other and further relief as the nature of her cause may warrant.

ROBIN R. COCKEY, Federal Bar No.02657
ASHLEY A. BOSCHÉ, Federal Bar No. 28800
Cockey, Brennan & Maloney, PC
313 Lemmon Hill Lane
Salisbury, MD 21801
410-546-1750
Fax: 410-546-1811
rrcesq@cbmlawfirm.com
bosche@cbmlawfirm.com
*Attorneys for Plaintiff*